UNITED STATES MIDDLE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,
Ex rel. Jay Gallo and Greg Quinn,

    Plaintiffs,

v.

THOR GUARD, INC, a Florida Profit Corporation; ROBERT DUGAN, an individual; and PETER TOWNSEND, an individual,

    Defendants.
_____/

Case No. 3:18-cv-811-32MCR

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO RESEAL COMPLAINT
AND EXHIBITS AND MOTION FOR ENTRY OF SUPPRESSION ORDER[1]**

Plaintiffs, Jay Gallo ("Gallo") and Greg Quinn ("Quinn") (collectively, the "Plaintiffs" or "Relators"), by and through their undersigned counsel and pursuant to Local Rules 1.09 and 3.01(b) as well as Federal Rule of Civil Procedure 5.2(d) and (e) submit this memorandum in opposition to Defendants' Motion to Reseal Complaint and Exhibits ("Motion") and Motion for Entry of Suppression Order ("Suppression Motion").

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs brought this action against Defendants for violations of the False Claims Act ("FCA"). Plaintiffs allege Defendants are fraudulently selling a product to the Government and the public that they claim predicts lightning. Plaintiffs filed the action under seal and in camera and the action was removed from under seal on April 1, 2019.

---

[1] In light of the issues being somewhat similar and the length of the Suppression Motion, Plaintiffs have included their response to both Motions in this filing.

Now six months later, Defendants move this Court to reseal the action due to the harm it will allegedly suffer from remaining public. Defendants' arguments fail and the Motion should be denied.

## ARGUMENT

The Motion should be denied. "If filing under seal is authorized by statute, rule, or order . . . a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal Pursuant to . . . ." and which includes: (i) a citation to the statute, rule, or order authorizing the seal; (ii) an identification and description of each item submitted for sealing; (iii) a statement of the proposed duration of the seal; and (iv) a statement establishing that the items submitted for sealing are within the identified statute, rule, or order the movant cites as authorizing the seal." M.D.R. 1.09(b). "A district court must keep in mind the rights of a third party – the public, 'if the public is to appreciate fully the often-significant events at issue in public litigation and the workings of the legal system." *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983). "When balancing these interests, the court must balance these competing interests even when the material sought to be sealed from public view is classified as trade secrets." *United States v. Lee Memorial Health System*, 2018 WL 5014534 * 9 (M.D. Fla. 2018); *see Chicago Tribune Co.*, 263 F.3d 1304, 1315 (11th Cir. 2001). "In balancing a party's interest in confidentiality and the public interest in accessing court records, courts consider several factors: (1) whether allowing access to the records would 'impair court functions or harm legitimate privacy interests'; (2) the reliability of the information; (3) whether the other party will have an opportunity to respond to the information; (4) whether the information

involves public officials or matters of public concern; and (5) whether a less onerous alternative to sealing court records is available." *Lee Mem'l Health Sys.*, 2018 WL 5014534 * 9; *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citing *In re Alexander Grant Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)).

### A. The Exhibits and Allegations Should Not be Sealed

This Motion is an effort by Defendants to further hide the truth about their fraud and the significant dangers they create for the public every day, disguised as mere concerns about their customer lists, pricing and technology. Defendants argue the customer lists, pricing information, internal communications, and documents relating to technology, were never intended to be made public and somehow prejudice them. Defendants fail to reference the specific allegedly harmful language in the exhibits. Any specific allegations can be directly rebutted. Defendants alleged concerns are surprising considering this information is <u>currently</u> available on their own website[2]. For example, the following is currently maintained on the Thor Guard website:

> **THOR GUARD** is the only stand alone lightning warning device used at all National Championships conducted by the United States Golf Association, the Canadian and European Golf Tours and many local sections of the PGA of America. We are the choice of Marriott Golf, the PGA Tournament Players Clubs, ABC Television Sports, and the Atlanta Summer Olympics. The flexibility of our system not only accommodates private golf facilities needing plenty of advance warning (20 or more minutes), but also public facilities looking for only 8 to 18 minutes of warning to ensure revenue flow.
>
> **THOR GUARD** is also highly regarded and utilized by many non-golf industries as well. Some of our significant customers include American Airlines, Delta Airlines, Air Canada, United, Fed Ex, UPS, Freeport McMoRan (FMI) Mining, BHP Billiton Mining, Shell Oil, ATF, US Marine Corps, US NAVY, US ARMY, Motorola, AT&T, and over 700 universities, schools and municipalities. From airports and ski areas to the NFL and zoos, **THOR GUARD** can be found providing on-site, real-time lightning prediction and warning to perfection!

---

[2] For pricing, see https://www.gsaadvantage.gov/ref_text/GS07F0576T/GS07F0576T_online.htm and https://www.gsaadvantage.gov/advantage/s/search.do?q=0:2thor+guard&db=0&searchType=0

For technology, see http://www.thorguard.com/ourtech/

The information sought to be sealed comes from the Defendants and its current and former employees. Thor Guard does not appear to dispute the authenticity of the exhibits. The allegations of the Complaint are not mere opinions but contain factual allegations from current and former employees of Thor Guard. The information is reliable[3].

The information included in the Complaint and Exhibits is extremely valuable to the public, as the claim against Defendants derives from them selling faulty products that create a risk of serious danger to the public. The emails further confirm Defendants' own acknowledgement that their products do not work and their understanding of the risks they place on the public. Defendants' emails contradict the positions they take in their Motion to Dismiss and their messaging and marketing to the public. The public is led to feel safe during lightning storms in areas where Defendants' products exist, even in situations where lightning is striking. If not for relators, Thor Guard would continue with its ability to mislead the public and its customers. In one of the exhibits they intend to seal, Thor Guard acknowledges the failures of their product will kill someone. They hope to seal these records and the Complaint, in order to further advance their fraud. Through a separately filed motion, Defendants also seek a gag order on Plaintiffs in hopes their fraud may continue without further disruption.

Defendants have an opportunity to respond to the allegations in the Complaint. In fact, they have done so in their Motion to Dismiss, which reads as a public statement wherein they include several arguments that are outside the four corners of the Complaint. In addition, Defendants could contact their clients or update their marketing

---

[3] Defendants allege Relator Quinn has a non-disclosure agreement, but fail to attach it, because one does not actually exists.

materials if they had actual records to dispute the allegations or records filed by Plaintiffs. Defendants claim to have their own studies and research supporting their claim that the Product is 95% effective, although they will not produce them. They may share this information with their customers, prospective customers or the public in order to allow the public to make their own educated decision about the product and the corresponding risks and dangers. The public deserves the opportunity to review the allegations of the Complaint and records supporting same, as lives are at risk.

**B. The Public's Interest Will Outweigh that of the Defendants' Privacy**

The interest of the public in being aware of the harm and false security that arises from the false statements made by Thor Guard is substantial[4]. Defendants have even acknowledged in internal communications that they are "going to kill someone." This interest outweighs the intertest of protecting Defendants from the alleged financial harm they claim is created by some unknown language in the Complaint and exhibits. The Defendants motivation is primarily financial gain as opposed to the safety of its customers or the public. Defendants know the products are not performing as they are advertised yet continue to sell the products and feign maintenance of the products already sold.

The public visits the locations where these products are located and are informed they can rely on this system to properly warn them of dangers, including risk of death. This is not merely a situation where the public needs to be protected from spending its money on purchasing these faulty products. These claims provide notice to the public

---

[4] Since the filing of this lawsuit alone, multiple people have been struck by lightning at Thor Guard locations and been seriously injured or killed.

of the risks associated with relying on the product.  As is acknowledged by Defendant in internal correspondence, this product's failures can kill someone.

In addition to failing to explain what language is harmful, Defendants also fail to allege a specific financial impact they will face.  Courts should not seal documents and claims for *any* impact, rather it must be a significant impact. *See Lee Mem'l Health Sys.*, 2018 WL 5014534 *21-22 (finding "claims that this will negatively harm its ability to recruit provides, Lee Health did not meet burden to show compensation data will impact recruitment significantly or that trade secrets are valuable enough to outweigh the public's interest in accessing the court records in this case.").   No such significant impact has been established or alleged by Defendants.

In support of its privacy interest, Defendants rely on *Lee Health*, as support for their position this Court should reseal the documents requested.  In *Lee Health*, the court noted by definition, an FCA complaint alleges fraud upon the public." *Lee* Health, (quoting *United States v. King Pharms, Inc.*, 806 F.Supp.2d 833, 840 (D. M.D. 2011). Defendants represent to the Government, as well as its other customers, that its designs and products predict lightning with at least a 95% success rate, making their equipment necessary for the public safety. The reality is that a layperson's ability to predict lightning is higher.  The exhibits support the allegations that the Thor Guard products are a sham and are dangerous.

Defendants have only claimed they will suffer financial harm and the exposure of private communications to competitors as opposed to the specific "degree of a likelihood" of injury as required. *Id.* (finding "Lee Health has made some showing that its recruiting efforts will be harmed if the information at issue is not re-sealed but has not

sufficiently shown the 'degree of and likelihood' of injury."). Similar to *Lee Health*, this case involves public parties, specifically the United States Government, and the public has a legitimate interest in the case.

As mentioned above, Defendants have not met their burden of showing which information contained in each exhibit creates a confidentiality interest outweighing the public's interest in access to court records. *See Lee Health*, (holding "Lee Health has not met its burden of showing which information in each cited page of each exhibit and the Complaint and Amended Complaint's confidentiality interest . . . outweighs the public's interest in access to court records."). Defendants cite to *First Media Ins. Specialists, Inc. v. Onebeacon Ins. Co.*, which specifically states "to establish good cause, the moving party must submit particular and specific facts, and not merely stereotyped and conclusory statements. No. 10-2501-KHV, 2010 U.S. Dist. LEXIS 102049, at *3 (F. Kan. Sep. 20, 2010). The court found that the plaintiffs did not sufficiently plead facts necessary in that case. Similarly, here the Defendants have only made conclusory claims that their documents contain information that will cause harm, and have not specifically stated what language and in what manner and extent the harm will affect them.

Defendants contend the distributor manual is proprietary in nature. However, the Defendants have not specified the proprietary nature of the manual. They continue to only make conclusory, general statements that the manual is unavailable to the public and is therefore proprietary. Defendants contend their email communications relating to lightning prediction systems are considered confidential business records. However, this again is a conclusory statement lacking the specificity necessary to withstand a request

that this Court reseal these communications. The communications are essential to Plaintiffs ability to be successful in its claim and for the public to evaluate the risks they may face.

Lastly, Defendants contend the emails contain sensitive communication valuable to a competitor and is therefore precisely the type of information that should be sealed. Defendants rely on *Barkley v. Pizza Hut of Am., Inc.*, 2014 WL 3908197 (M.D. Fla. 2014) (finding competitively sensitive information contained in a deposition should be sealed). While they fail to clarify what in the emails is sensitive and how it is valuable to a competitor, these emails confirm Defendants own understanding of the product's failures. The public interest outweighs that of the Defendants.

### C. There are Less Restrictive Means Available Other than Resealing

Defendants urge this Court to find there are no less restrictive means available to protect its interests. Defendants argue that due to the nature of the confidential and proprietary information available to the public there is no other option aside from sealing the entire document for one year or the conclusion of the lawsuit. However, this again is a general statement by the Defendants that is insufficient to support Defendants request. *See Lee Mem'l Health Sys.*, 2018 WL 5014534 *10 (finding "Lee Health failed to specifically demonstrate why a less restrictive means is not available or not adequate to protect its interest but did explain generally why it is necessary the items be sealed."). Defendants have made only a conclusory statement and suggest the *entire* document is necessary and the *only* option available. They have failed to identify specific language. Had they done so, the Court could evaluate the actual language that is concerning to Defendants and consider alternative means to address such concerns. Plaintiffs

believe a specific reference would have made it even easier to rebut. Defendants carry this burden and have failed to meet it.

### D. Response to Motion for Entry of Suppression Order

Defendants are concerned with the creation of a website that incorporates the lawsuit and appears to determine whether there are others who have been injured by Thor Guard. This website's creation and management is not the result of Plaintiffs. Plaintiffs do not know who the third party is behind the website. It is unclear whether Defendants are requesting this Court to enter an order impacting the website. To the extent Defendants are seeking this relief and since Plaintiffs do not believe the suppression of this third-party website will prejudice them and do not have strong feelings one way or the other, Plaintiffs defer to the Court on this issue. Plaintiffs believe the Court will properly weigh the third party's freedoms and its lack of notice of this pending issue before the Court. Defendants seek additional relief in the Suppression Motion that Plaintiffs object to.

Defendants request the Court enter an order directing Plaintiffs to refrain from making *any* extrajudicial statements regarding the lawsuit. According to the Florida Rules of Professional Conduct 4-3.6(a) Prejudicial Extrajudicial Statements Prohibited – "A lawyer shall not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding due to its creation of an imminent and substantial determinantal effect on that proceeding; (b) A lawyer shall not counsel or assist another person to make such a statement. Counsel shall exercise reasonable care to prevent

investigators, employees, or other persons assisting in or associated with a case from making extrajudicial statements that are prohibited under this rule."

Defendants either want the Court to enter an order requiring Plaintiffs and/or their counsel to comply with Florida Rule of Professional Conduct 4-3.6 or intend to expand on the Rule.  Either way, the Suppression Motion should be denied.  Defendants have not and cannot present any allegation or suggestion that Plaintiffs or Plaintiffs' counsel have participated in any inappropriate conduct.  Defendants have failed to make any showing that a protective order is required or put forward any facts or circumstances for the Court to review.  *See D.L. v. Slattery*, 2011 WL 1303167 (S.D. Fla. 2011) (finding "[u]pon a review of the totality of the facts and circumstances of this matter, the undersigned finds that [d]efendants have not made a sufficient showing that the predicate requirement of the Local Rule has not been satisfied.").

The relief requested is vague and may prevent Plaintiff from speaking with witnesses or conducting informal discovery.  As a result, the Court should deny the Suppression Motion as it relates to Plaintiffs or Plaintiffs' counsel.

## CONCLUSION

For the above and foregoing reasons, Relators respectfully request that this Honorable Court deny Defendants' Motion to Stay Discovery, Case Management Report Process, and Initial Disclosure Obligations and deny the Suppression Motion as it relates to any relief against Plaintiffs or their counsel.

Respectfully submitted this 17th day of October, 2019.

Respectfully submitted,

**WOOLSEY MORCOM PLLC**
By: */s/ Joshua A. Woolsey*
JOSHUA WOOLSEY, ESQ.
NICHOLAS W. MORCOM, ESQ.
Florida Bar No. 037905
Florida Bar No. 0013767
203 Fort Wade Road, Suite 105
Ponte Vedra, FL 32081
(904) 638-4235 (telephone)
(904) 638-9302 (facsimile)
nick@woolseymorcom.com
josh@woolseymorcom.com
sara@woolseymorcom.com
anna@woolseymorcom.com

*Attorneys for RELATORS*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 17th day of October, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| Ronnie S. Carter, Esq. | Andrew M. Gordon, Esq. |
| 300 North Hogan Street, 7th Floor | David S. Weinstein, Esq. |
| Jacksonville, Florida 32202 | M. Megan Coughlin, Esq |
| ronnie.carter@usdoj.gov | Hinshaw & Culbertson, LLP |
| brittany.robinson2@usdoj.gov | 2525 Ponce de Leon Blvd., 4th Floor |
| caseview.ecf@usdoj.gov | Coral Gables, FL 33134 |
| chantal.sabino@usdoj.gov | agordon@hinshawlaw.com |
| jaxdocket.mailbox@usdoj.gov | dweinstein@hinshawlaw.com |
| nicole.schmidt2@usdoj.gov | mcoughlin@hinshawlaw.com |
| *Counsel for United States of America* | *Counsel for Defendants* |

/s/ Joshua A. Woolsey
Attorney