UNITED STATES MIDDLE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,
Ex rel. Jay Gallo and Greg Quinn,

    Plaintiffs,

v.

THOR GUARD, INC, a Florida Profit Corporation; ROBERT DUGAN, an individual; and PETER TOWNSEND, an individual,

    Defendants.
_____/

Case No. 3:18-cv-811-32MCR

## **PLAINTIFFS' SUR-REPLY**

Plaintiffs, by and through their undersigned counsel, and pursuant to this Court's Order dated September 23, 2019 (Doc. 40), submit the following Sur-Reply to Defendants' Reply to Response to Motion to Dismiss (Doc. 41).

**I.**    **Alleged Failure to State a Claim under the False Claims Act:**

Defendants argue Plaintiffs have failed to state a claim and contend Plaintiffs must cite a specific part of the False Claims Act in order to state a claim; that Plaintiffs have failed to allege the claim with particularity; that a specific transaction is not identified in the Complaint; and that Plaintiffs fail to allege a false statement was submitted or any such statement was objectively false. Because Defendants appear to mostly repeat the arguments contained in their Motion to Dismiss and cite no new case law supporting their positions, Plaintiffs suggest their Response addresses these nearly identical arguments.

A majority of Defendants' argument ties back to their contention that Plaintiffs have

failed to allege the claim with specificity or to reference a specific incident of a false claim. Defendants continue to rely on the line of cases dealing with Medicare fraud where medical providers submit for medical or prescription reimbursement and must specify which submissions were fraudulent. Not every claim for reimbursement by the medical providers is fraudulent, therefore it is important for the relators to identify the specific transaction. The importance of clearly alleging which bill for medical supplies, treatment or medications was false is understandable. In this action, Plaintiffs have alleged every single transaction is a false claim, because each version of the product does not work. Thor Guard has never submitted a valid request for payment to the federal government in that each request for payment was for a faulty product, which Thor Guard knew and internally acknowledged. Thor Guard acknowledged it will eventually kill someone and encouraged its employees to stop asking questions about issues with the Product. See Exhibit H and K to the Complaint.

Because it is alleged the product itself is a sham and every single transaction is fraudulent, Defendants cannot in good faith suggest they have not been put on notice of the particular claims made by Relators. Even if Relators had been required to reference transactions, they have done so. Plaintiffs have included Thor Guard's own list of governmental entities purchasing the product (Exhibit A to the Complaint) and attached order forms, installation forms, acknowledgment forms, purchase order forms that reference dates the Faulty Product was sold. See Exhibit S to the Complaint.

Defendants rephrase Plaintiffs' argument claiming Plaintiffs' position is that it has not actually submitted a false claim and that it is okay they generally alleged a belief (See page 3, Doc 41). Defendants confuse or misrepresent the actual argument made by Plaintiffs.

*See* Response (Doc. 38), Page 9.

For the sake of addressing arguments, Plaintiffs cited to *Cooper* holding it is not required that a specific transaction be alleged when enough details are provided. Defendants argue this only applies to improper revenue recognition claims. *Cooper* deals with FCA violations, does not limit its holding and Defendants fail to cite any authority for their position. Regardless, there is additional case law dealing with the FCA with similar holdings. See *Northstar Alarm Services, LLC v. Alder Home Protection*, 2018 EL 3611069 (D. Utah 2018) (holding "[w]ith allegations of a broad scheme of fraud, Rule 9(b) is satisfied when (1) the plaintiff can plead at least a single instance of a distinct false claim with particularity that is representative of the scheme described, and (2) provides details about how the scheme was implemented.").

Defendants again attempt to compare the facts of this case to *Hopper*. As stated in Plaintiffs' Response, *Hopper* deals with a complaint asserting the defendants made false claims to third parties, not the federal government. The relators in that matter admitted they had no evidence of a false claim to the government and were asking for an inference. The relators were not able to point to a false claim or provide any substance for their claims. See Plaintiff's Response Pages 11-12.

Defendants also argue Plaintiffs are required to cite a specific portion of the False Claims Act ("FCA"), but cite no authority for this position. Plaintiffs have alleged the basis for the false claim, cited the FCA and tied the allegations to the elements of a false claim. Citing sub-paragraphs of the Act is not required and would not make the Complaint any clearer as to the basis for the claims made against Defendants.

-4-

Defendants argue Plaintiffs fail to allege Thor Guard's accuracy ratings that the Product works 95% of the time was relayed to the Federal Government. Plaintiffs' Complaint does not stand or fall on this issue. The claim surrounds Thor Guard selling a lightning prediction system it claims the Government and the public should rely on for their business and safety needs that in reality decreases a layperson's ability to predict lighting and minimizes the reliance on lightning detection (that actually works). Wherein Thor Guard intentionally hides its internal knowledge of the Product's dangers, failures and lack of worth. As to the accuracy rating provided by Thor Guard, while it is not printed on the Product itself and Relators did not attend a meeting where Thor Guard said this to the Government, this information is regularly included on newsletters to clients, on Thor Guard's website and marketing materials. In addition, their sales representatives are instructed to use this information when selling the Product. Additional discovery will yield this information that is in the sole possession of Thor Guard. See *Hill v. Morehouse Medical Associates, Inc.*, 2003 WL 22019936 (11th Cir. 2003) (noting "[r]ule 9(b)'s heightened pleading standard may be applied less stringently, however, when specific 'factual information [about the fraud] is peculiarly within the defendant's knowledge or control.'" (quoting *United States ex rel. Stinson, Lyons, Gerlin & Bustamed, P.A. v. Blue Cross Blue Shield of Ga., Inc.*, 755 F.Supp. 1040, 1052 (S.D. Ga 1990)). Plaintiffs believe discovery will confirm this exact statement was not left out when communicating with the federal government.

## II.    Plaintiffs did not Unreasonably Delay Service Requiring Dismissal under Rule 4(M)

Defendants cite to Rule 4(M) while arguing the case should be dismissed for failing

to timely serve the Defendants. Defendants cite no additional authority for their position. Defendants fail to present any authority for their position that the 90-day deadline starts when the matter is unsealed. Procedurally, the matter was unsealed on April 1, 2019 and the Court entered its Order directing Relators to file a notice no later than July 1, 2019. The summons were issued on June 17, 2019. A timely Notice of Intention to Proceed was filed and the Defendants were served on June 12, 2019, June 21, 2019, and August 7, 2019. Upon learning of the Government's decision not to intercede, counsel for Relators spent time communicating with the Government in order to understand the reasons behind their decision, prior to moving forward with service. Relators then timely moved forward in an effort to serve Defendants. After some difficulty in serving two of the defendants, on July 9, 2019 Relators even requested of Defendants' counsel that they accept or waive service, which was refused by Defendants. Defendants are not prejudiced as they were aware of the lawsuit well within the alleged deadline, had obtained counsel who was communicating with counsel for Relators and were served only a few days after the alleged deadline.

## Conclusion

Accordingly, for all the foregoing reasons, as well as those stated in Plaintiffs' previously filed response (Doc. 28), Plaintiffs respectfully request that the Court deny Defendants' motion to dismiss (Doc. 41). To the extent the Court believes dismissal is appropriate, Plaintiffs request leave to amend and an opportunity to participate in discovery, which Defendants have ignored.

Respectfully submitted this 24th day of October, 2019.

Respectfully submitted,

**WOOLSEY MORCOM PLLC**
By: */s/ Joshua A. Woolsey*
JOSHUA WOOLSEY, ESQ.
NICHOLAS W. MORCOM, ESQ.
Florida Bar No. 037905
Florida Bar No. 0013767
203 Fort Wade Road, Suite 105
Ponte Vedra, FL 32081
(904) 638-4235 (telephone)
(904) 638-9302 (facsimile)
nick@woolseymorcom.com
josh@woolseymorcom.com
sara@woolseymorcom.com
anna@woolseymorcom.com

*Attorneys for RELATORS*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 24th day of October, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ronnie S. Carter, Esq.
300 North Hogan Street, 7th Floor
Jacksonville, Florida 32202
ronnie.carter@usdoj.gov
brittany.robinson2@usdoj.gov
caseview.ecf@usdoj.gov
chantal.sabino@usdoj.gov
jaxdocket.mailbox@usdoj.gov
nicole.schmidt2@usdoj.gov
*Counsel for United States of America*

Andrew M. Gordon, Esq.
David S. Weinstein, Esq.
M. Megan Coughlin, Esq
Hinshaw & Culbertson, LLP
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
agordon@hinshawlaw.com
dweinstein@hinshawlaw.com
mcoughlin@hinshawlaw.com

*Counsel for Defendants*

   */s/ Joshua A. Woolsey*
     Attorney