IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:18-cv-811-J-32MCR

UNITED STATES OF AMERICA,
Ex rel. Jay Gallo and Greg Quinn,

        Plaintiffs,

vs.

THOR GUARD, INC., a Florida Profit Corporation; ROBERT DUGAN, an individual; and PETER TOWNSEND, an individual,

        Defendants.

_____/

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR ENTRY OF SUPPRESSION ORDER

Defendants, THOR GUARD, INC. ("Thor Guard"), ROBERT DUGAN ("Mr. Dugan"), and PETER TOWNSEND ("Mr. Townsend") (collectively, "Defendants"), by and through the undersigned counsel, and pursuant to M.D. Fla. Local Rule 3.01(c), hereby file their Reply in Support of Their Motion for Entry of Suppression Order [ECF No. 45], and state as follows:

**I.    INTRODUCTION/MEMORANDUM OF LAW**

In Plaintiffs' Response in Opposition to Defendants' Motion to Reseal the Complaint and Exhibits and Motion for Entry of Suppression Order (the "Response"), Plaintiffs contend it is unclear whether Defendants are requesting an order impacting the Website. [ECF No. 49].

As plainly set forth in Defendants' Motion for Entry of Suppression Order, Defendants are requesting this Court enter an Order "directing the parties to refrain from making any extrajudicial

Case 3:18-cv-00811-TJC-MCR   Document 57   Filed 12/03/19   Page 2 of 3 PageID 347

*Gallo and Quinn v. Thor Guard, Mr. Dugan, and Mr. Townsend*
Defendants' Reply in Support of Defendants' Motion for Entry of Suppression Order

statements regarding the lawsuit."[1] [ECF No. 45]. Defendants simply point to the existence of the Website to support their Motion for Entry of Suppression Order. The Website demonstrates the substantial likelihood of "extrajudicial commentary" regarding the instant lawsuit. As stated, Defendants believe the Website is not intended solely for informational purposes, but rather, is an attempt by an unknown party to create bias against Thor Guard and to poison the potential jury pool in the event this case proceeds to trial. A Suppression Order would impact the Website only to the extent Plaintiffs, or their attorneys, are associated with the Website.

Moreover, Plaintiffs recent conduct underscores the need for a Suppression Order specifically directed to both Plaintiffs and their counsel. Namely, in their Response, Plaintiffs conclusively state that "multiple people have been struck by lightning at Thor Guard locations and been seriously injured or killed." [ECF No. 49, p. 4]. The fact that Plaintiffs have resorted to the use of such a misleading, defamatory statement—knowing full well what its suggests—indicates the lengths Plaintiffs are willing to go in order to keep their narrative afloat.

Lastly, Defendants are seeking this this Court direct the Plaintiffs, and their counsel, to comply with Florida Rule of Professional Conduct 4-3.6. This Court may proactively prohibit the parties from making any extrajudicial statements regarding a lawsuit if it determines such statements would have a substantial likelihood of prejudicing the proceeding.

In light of Plaintiffs' inclination to make this case about the purported dangers associated with Thor Guard's lightning prediction systems, rather than whether they have stated a claim under the False Claims Act, Defendants must assume that Plaintiffs, and their counsel, will continue to rely on misleading, inflammatory statements to distract from the real issues in this case. Likewise,

---

[1] Defendants do not seek to prevent Plaintiffs "from speaking with witnesses or conducting informal discovery." [ECF No. 49].

Case 3:18-cv-00811-TJC-MCR   Document 57   Filed 12/03/19   Page 3 of 3 PageID 348

*Gallo and Quinn v. Thor Guard, Mr. Dugan, and Mr. Townsend*
Defendants' Reply in Support of Defendants' Motion for Entry of Suppression Order

Defendants must assume Plaintiffs have an interest in making extrajudicial statements regarding this lawsuit in order to create public bias against Thor Guard.

## II.     CONCLUSION

For these reasons, Defendants request that this Court enter a suppression order directing the parties to refrain from making any extrajudicial statements regarding the lawsuit; and grant any other or further relief this Court deems just and proper under the circumstances.

DATED: December 3, 2019.

                                                        **Andrew M. Gordon**
                                                       Andrew M. Gordon, Esq.
                                                       Florida Bar No. 68886
                                                       agordon@hinshawlaw.com
                                                       David S. Weinstein, Esq.
                                                       Florida Bar No. 749214
                                                       dweinstein@hinshawlaw.com
                                                       M. Megan Coughlin, Esq.
                                                       Florida Bar No. 113667
                                                       mcoughlin@hinshawlaw.com
                                                       HINSHAW & CULBERTSON LLP
                                                       One East Broward Boulevard, Suite 1010
                                                       Ft. Lauderdale, FL 33301
                                                       Telephone: 954-467-7900
                                                       *Attorneys for Defendants*