UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,
Ex rel., JAY GALLO and GREG
QUINN,

    Plaintiffs,

v.                                                        Case No. 3:18-cv-811-J-32MCR

THOR GUARD, INC., a Florida
Profit Corporation, ROBERT
DUGAN, an individual, and PETER
TOWNSEND, an individual,

    Defendants.

## **O R D E R**

This case is before the Court on Defendants Thor Guard, Inc., Robert Dugan, and Peter Townsend's Motion to Dismiss Count I of the Second Amended Complaint (Doc. 68), Relators Jay Gallo and Greg Quinn's Motion for Clarification of the Court's March 16, 2020 Order (Doc. 63), and Defendants' Motion to Stay Discovery and Case Management Report Process (Doc. 65).

On March 16, 2020, the Court issued an Order dismissing Relators' original Complaint (Doc. 1) without prejudice. (Doc. 59). As to Relators'

allegations of False Claims Act [1] ("FCA") violations, the Court instructed Relators to clarify their claims by choosing whether to proceed under a presentment theory, a false certification theory, or both. Id. at 19. Regarding the FCA retaliation claim, the Court urged Relators to sharpen allegations of causation if there was a good faith basis to do so. Id. at 22. The Court did not prohibit Defendants from filing another motion to dismiss once an amended complaint was filed but asked that Defendants do so only if appropriate in light of the Court's ruling. Id. at 23 n.17.

Relators filed a Second Amended Complaint ("SAC") on March 31, 2020. (Doc. 62).[2] The SAC alleges that all Defendants violated § 3729(a)(1)(A) of the FCA under a presentment theory (Count I), that Thor Guard unlawfully retaliated against Gallo (Count II), and that Thor Guard unlawfully retaliated against Quinn (Count III). Id. Defendants subsequently moved to dismiss Count I of the SAC. (Doc. 68). In support, Defendants argue that: (1) Relators' allegations impermissibly conflate theories of liability under the FCA and do not sound under a false presentment theory; (2) selling products as "lightning prediction systems" was not a factually false claim so as to trigger FCA liability;

---

[1] 31 U.S.C.A. § 3729, et seq.

[2] The Court sua sponte struck the original Amended Complaint (Doc. 60), filed on March 30, 2020, because it contained references to filing in camera and a notice to the United States that were no longer applicable. (Doc. 61). It was replaced by the SAC, which omitted those references. (Doc. 62).

2

and (3) Relators have not properly alleged that a false claim was submitted to the government for payment. Id.

Defendants' arguments are not well-taken. In compliance with the Court's prior Order (Doc. 59), Relators have chosen to proceed under a presentment theory. (Doc. 62). The issue with Relators' original Complaint (Doc. 1) was not sufficiency of the facts alleged, but rather clarity of a theory of liability under the FCA. (See Doc. 59). Defendants argue that some allegations in the SAC still sound in a false certification theory of FCA liability. (Doc. 68). Even taking that argument as true, Relators no longer conflate theories of liability in their cause of action, and that some allegations may relate to both theories does not merit dismissal where Relators have explicitly alleged only a presentment theory.

The Court has already stated that Relators' allegations were sufficient concerning whether Defendants presented a false or fraudulent claim to the government. (Doc. 59 at 14). Relators have alleged that Exhibit S (Doc. 62-19) contains invoices to the government for "lightning prediction systems" when Defendants knew those systems were faulty. (Doc. 62 ¶¶ 134-65). To the extent that questions remain about the substance, legitimacy, or submission of the documents in Exhibit S, those questions are not properly resolved on a motion to dismiss.

3

The Court has reviewed Relators' Motion for Clarification of the Court's March 16, 2020 Order (Doc. 63), Defendants' Motion to Stay Discovery and Case Management Report Process and Response to Plaintiffs' Motion for Clarification (Doc. 65), and Relators' response opposing the motion to stay (Doc. 67). The Court's March 16, 2020 Order lifted the stay of discovery. (Doc. 59 at 23). Now that the Court has denied Defendants' most recent motion to dismiss, the Court expects that discovery will proceed without delay. Thus, both motions (Docs. 63, 65) are now moot.

Accordingly, it is hereby

**ORDERED:**

1. Defendants' Motion to Dismiss Count I of the Second Amended Complaint (Doc. 68) is **DENIED**. No later than **August 26, 2020**, Defendants should serve their answer to the Second Amended Complaint.

2. Relators' Motion for Clarification of the March 16, 2020 Order (Doc. 63) is **DENIED as moot**.

3. Defendants' Motion to Stay Discovery and Case Management Report Process (Doc. 65) is **DENIED as moot**.

4. The parties must submit a revised Case Management Report no later than **August 26, 2020**. However, discovery should proceed now.[3]

---

[3] See April 7, 2020 Memo re: Update to Jacksonville Division Protocol for Proceedings During Current National Emergency related to COVID-19,

4

**DONE AND ORDERED** in Jacksonville, Florida the 4th day of August, 2020.

*[signature: Timothy J. Corrigan]*

TIMOTHY J. CORRIGAN
United States District Judge

tnm
Copies:

Counsel of record

---

available on the Court's website under the Jacksonville Division link: www.flmd.uscourts.gov/locations/jacksonville.