**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,
Ex rel., JAY GALLO, and GREG
QUINN,

    Plaintiffs,

v.                                             Case No. 3:18-cv-811-TJC-MCR

THOR GUARD, INC., a Florida
Profit Corporation, ROBERT
DUGAN, an individual, and PETER
TOWNSEND, an individual,

    Defendants.

## O R D E R

This case is before the Court on Relators' Notice of Dismissal With Prejudice of Count I of Relators' Second Amended Complaint (Doc. 104), which seeks to dismiss Count I (Presentment Theory, Violation of 31 U.S.C.A. § 3729(a)(1)(A) by all Defendants) of the Second Amended Complaint (Doc. 62) with prejudice as to Relators and without prejudice as to the United States. The Court <u>sua sponte</u> raised the issue of whether 31 U.S.C. § 3730(b)(1) applies, which would require the United States' consent for dismissal.

Before Relators' deadline to advise the Court on that issue, the United States filed a Notice of Consent to Dismissal of Count I Without Prejudice (Doc. 107), stating that the United States consents to dismissal without prejudice of

Count I. The United States also requests that the Court unseal any remaining sealed documents in the case. (Doc. 107 at 1). Relators then filed a Response to Order (Doc. 108) advising that the United States' consent should resolve the Court's 31 U.S.C. § 3730(b)(1) inquiry, and that Relators do not object to the United States' request to unseal case documents. Relators have also conferred with Defendants, who do not object. (Doc. 108 at 1).

The Court agrees that the 31 U.S.C. § 3730(b)(1) issue is resolved, and Relators may proceed on Counts II (retaliation brought by Relator Jay Gallo against Defendant Thor Guard) and III (retaliation brought by Relator Greg Quinn against Defendant Thor Guard) alone. However, the appropriate mechanism for dismissing one count is seeking leave of Court to file an amended complaint. See Campbell v. Altec Indus., Inc., 605 F.3d 839, 841 n.1 (11th Cir. 2010) ("A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under [Federal] Rule [of Civil Procedure] 15(a) rather than dismiss under Rule 41(a)." (quoting Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004))).

Accordingly, it is hereby

**ORDERED:**

1. Count I of the Second Amended Complaint (Doc. 62) is **DISMISSED with prejudice** as to Relators and **DISMISSED without prejudice** as to the United States. Relators shall file an amended complaint that

includes only what are presently Counts II and III no later than **September 3, 2021**, and Defendant shall answer no later than **September 17, 2021**.[1]

2. The Clerk is directed to unseal all documents that remain sealed in this case. (Docs. S-2, S-3, S-4, S-5, S-6, S-7, S-8, S-9, S-10).

**DONE AND ORDERED** in Jacksonville, Florida the 20th day of August, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

tnm
Copies:

Counsel of record

---

[1] In requiring an amended complaint and answer, the Court does not anticipate any changes to the complaint's allegations apart from eliminating Count I, or to the answer apart from eliminating a response to Count I. Thus, other case deadlines are unaffected.